UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK, #218347,

                Plaintiff,                Civil Action No. 14-13545
                                          Honorable George Caram Steeh
v.                                  Magistrate Judge David R. Grand

DANIEL HEYNS, MICHAEL
MARTIN, and BRAD PURVES,

                Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER ACTION TO THE WESTERN DISTRICT OF MICHIGAN [15][1]

**A.    Background**

    Plaintiff Daniel Horacek ("Horacek") is a *pro se* prisoner, who currently is confined by the Michigan Department of Corrections ("MDOC") at the Central Michigan Correctional Facility in St. Louis, Michigan ("SLF").   On September 11, 2014, Horacek filed his instant complaint pursuant to 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, *et seq.* (Doc. #1).[2]   Horacek's complaint names MDOC employees (or

---

[1] Numerous courts in this District have found that motions to change venue are non-dispositive because they do not address the merits of the parties' claims and should proceed by order rather than report and recommendation. *See, e.g.*, *Ghaith v. Rauschenberger*, 2010 WL 431596, *1 n. 1 (E.D. Mich. Jan. 28, 2010), *aff'd* 2010 WL 1644054 (E.D. Mich. 2010); *Hernandez v. Curtin*, 2009 WL 94760, *1, n. 1 (E.D. Mich. Jan. 13, 2009) ("A motion to transfer venue is a non-dispositive pretrial matter which a Magistrate Judge may determine pursuant to 28 U.S.C. §636(b)(1)(A)."); *contra Payton v. Saginaw County Jail*, 743 F. Supp. 2d 691 (E.D. Mich. 2010).

[2] Horacek first filed his complaint in the Western District of Michigan (Civil Action No. 13-280) when he was an inmate at a prison located within that district. (Doc. #9 at 2).   However, the Western District apparently dismissed Horacek's complaint without prejudice because he had failed to exhaust his administrative remedies prior to filing suit. (*Id.* at 1).   Horacek then "re-filed" the same complaint in this Court after he was transferred to SLF. (Doc. #19 at 1).

former employees) Daniel Heyns, Brad Purves, and Michael Martin[3] as defendants (collectively the "MDOC Defendants"). (*Id.*).

In his complaint, Horacek alleges that, while he was incarcerated at the Newberry Correctional Facility in Newberry, Michigan, the MDOC Defendants implemented a policy requiring a vegan menu for all religious diets, forcing him to become a strict vegetarian. (*Id.*). Horacek asserts that a vegan diet does not meet his religious needs, claiming that he is required to eat meat and dairy products. (*Id.*).

On December 4, 2014, the MDOC Defendants filed a motion to transfer venue to the Western District of Michigan pursuant to 28 U.S.C. §1406, arguing that venue is improper in the Eastern District of Michigan because the defendants work in the Western District, and all of the actions or inactions that form the basis of Horacek's complaint took place in that district. (Doc. #15). Horacek filed a response to this motion on January 6, 2015, asserting that venue is proper in the Eastern District of Michigan because he is currently confined at SLF, which is located in this district, and, thus, he is feeling the effects of the MDOC Defendants' actions in this district. (Doc. #19). No reply was filed.

**B.    Analysis**

The appropriate venue of an action is determined by statute. 28 U.S.C. §1391(b) governs venue in civil actions premised on federal question jurisdiction and provides as follows:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[3] Defendant Martin has not yet been served.

28 U.S.C. §1391(b).  State or public officials reside in the county where they serve.  *See, e.g.,* *Lyons v. Jameson*, 2008 WL 4387092, at *2 (E.D. Mich. Sept. 24, 2008); *Lapine v. Atterberry*, 2006 WL 2583121, at *1 (E.D. Mich. Sept. 5, 2006).  Once a challenge to venue is made, the plaintiff bears the burden of establishing that venue is appropriate in his chosen forum.  *See* *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

In this case, Horacek first filed his complaint in the Western District of Michigan.  After that complaint was dismissed and Horacek was transferred to SLF – a prison located within the Eastern District of Michigan – he filed his instant complaint in this Court.  Horacek's complaint does not make any specific allegations regarding whether venue is proper in the Eastern District of Michigan, but appears to have been filed in this district only because of his intervening transfer to SLF.  (Doc. #1 at 1).  However, the MDOC Defendants are employed by the MDOC Central Office, which is located in Lansing, Michigan, in the Western District, and thus they reside there for purposes of 28 U.S.C. §1391(b).  (Doc. #15 at 8).  Additionally, all of the relevant events described in the complaint pertain to the implementation of the MDOC's vegan diet – which was a state-wide policy decision made in Lansing – and the effects felt by Horacek while incarcerated at the Newberry Correctional Facility, both of which are located in the Western District of Michigan.  (Doc. #1).  Consequently, looking only at Horacek's complaint, it appears that the Western District of Michigan is the proper venue for this action.

Horacek argues in response to the MDOC Defendants' motion to transfer venue that because the policy at issue applies to prisons state-wide, venue is equally proper in the Eastern District of Michigan.  (Doc. #19 at 2).  In support of this argument, Horacek relies on a ruling from one of his previously-filed cases, *Horacek v. Burnett*, 2008 WL 623975, at *2-3 (E.D. Mich. Mar. 6, 2008), wherein Magistrate Judge Whalen denied the defendants' motion to dismiss

3

for improper venue.  Specifically, Horacek relies on the following passage from the *Burnett* case:

> In an action involving a state agency or department, such as the MDOC, it is not unusual that the defendant will be located in the state capitol, in this case Lansing.  That does not mean that all such cases must be brought in the Western District, even when the named defendant is located there. Rather, when a district other than the one where the state agency is headquartered has a "substantial connection" with the claim, or where action taken in the state capitol has an effect in the other district, venue in that other district is proper.

*Id.* at 2 (internal citations omitted).  In *Burnett*, however, Horacek had requested and been denied kosher meals while housed at the Macomb Correctional Facility ("MRF"), which is located in the Eastern District of Michigan.  *Id.* at 1.  Horacek alleged in his complaint that he was forced to file a grievance at MRF challenging this determination; that he met with MRF's chaplain to discuss his religious concerns; that he was administered a "participation test" while at MRF to ascertain his eligibility for the kosher meal program; and that, despite his eligibility, he subsequently was denied a transfer to a kosher facility – while still incarcerated at MRF – by an MDOC administrator located in Lansing.  *Id.* at 1-2.  In addressing the venue issue, Magistrate Judge Whalen noted that Horacek's claim had a "substantial connection" to the Eastern District of Michigan, because many of the events at issue arose and occurred in that district.  *Id.* at *3.  In contrast, in the instant case, none of the events at issue in the complaint took place in the Eastern District of Michigan.  Thus, *Burnett* is inapposite.

For these reasons, the Court finds that venue is proper in the Western District of Michigan.  The MDOC Defendants reside in Lansing, Michigan, which lies in that district, the events at issue in Horacek's complaint occurred in that district, and Horacek first brought his instant claims in that district, re-filing them here only because he was transferred to SLF after his claims were dismissed without prejudice on exhaustion grounds.  *See Stinchcombe v. Caruso*, 2008 WL 4561515, at *1 (E.D. Mich. Oct. 9, 2008) (holding that venue was proper in the

4

Western District of Michigan because "plaintiffs' complaint challenges an alleged system-wide policy of the Michigan Department of Corrections, and therefore, the material events occurred wherever these policies were created"); *Lapine*, 2006 WL 2583121, at *1 (venue was appropriate in the Western District of Michigan because the events at issue in the lawsuit – denial of plaintiff's parole – occurred in that district, and plaintiff's only connection to the Eastern District of Michigan was that he was incarcerated at a facility in that district at the time of the events at issue).

Accordingly, **IT IS ORDERED** that Defendants' motion to transfer venue **[15]** be **GRANTED**, and that this action be **TRANSFERRED** to the Western District of Michigan pursuant to 28 U.S.C. §1406(a).[4] The Clerk of Court shall take the necessary actions to promptly transfer the action.

**IT IS SO ORDERED.**

Dated: February 25, 2015        s/David R. Grand
Ann Arbor, Michigan          DAVID R. GRAND
                               United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

---

[4] In their motion, the MDOC Defendants mention both 28 U.S.C. §§1404(a) and 1406 as bases for transfer of venue. (Doc. #15 at 2, 9, 11). As this Court has previously summarized, "… transfer under §1404 is from proper district to proper district and transfer under §1406 is from improper district to proper district." *Lyons*, 2008 WL 4387092, at *2. Here, because it appears that venue is improper in the Eastern District of Michigan, §1406 is being applied. Even if venue was also proper in this district, however, the Court would still find that transfer is appropriate pursuant to §1404 as well, for reasons such as convenience of the parties and witnesses, locus of the operative facts, location of the relevant documents and relative ease of access to the sources of proof, and the fact that Horacek first filed his complaint in the Western District. *See, e.g., Overland, Inc.*, 79 F. Supp. 2d at 811.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager